**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN H. WHITE,

                               Plaintiff,

        v.                                                                            No. 10-CV-1034
                                                                     (GTS/DRH)

RAYMOND DRAKE, Correctional Officer,
Upstate Correctional Facility,

                               Defendant.

---

**APPEARANCES:**                                                          **OF COUNSEL:**

JOHN H. WHITE
Plaintiff Pro Se
08-A-3366
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                           KRISTA A. ROCK, ESQ.
Attorney General for the                                         Assistant Attorney General
   State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se John H. White ("White"), an inmate in the custody of the New York State Department of Correctional and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Raymond Drake ("Drake"), a corrections officer employed by DOCCS, violated his constitutional rights under the Eighth Amendment when Drake subjected him to excessive force. Compl. (Dkt. No. 1). Presently

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pending is Drake's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. Nos. 12, 21, 40. White initially opposed the motion, Dkt. Nos. 17, 25, but now appears to agree that this action should be dismissed without prejudice.  Dkt. Nos. 41, 42.  For the following reasons, it is recommended that Drake's motion be granted and that the complaint be dismissed without prejudice.

## I. Background

The facts are related in the light most favorable to White as the non-moving party.  See Ertman v. United States, 165 F.3d 204, 206 (2d Cir.1999).

On June 27, 2010 while incarcerated at Upstate Correctional Facility, White was notified by a corrections officer that he had a visitor. Dkt. No. 1-1 at 1.  After waiting for approximately thirty minutes without being summoned for the visit, White asked the other officers why he was not being taken to his visitor.  Id.  An officer responded that White's visit was cancelled because his visitor was denied entrance.  Id.  Drake then approached White's cell door and informed him that his visitor was in possession of drugs and had been apprehended by the local police.  Id.; Compl. ¶ 6.  Drake then walked away from White's cell, as White voiced charges of "official misconduct" while lying on the floor and speaking through the open area of his cell door. Dkt. No. 1-1 at 1.  Drake then returned to the cell and "deliberately kicked the [cell] door . . . causing injury to [White's] mouth, nose, [and] right jaw."  Id.; see also Compl. ¶ (6).  White's nose began to bleed and he experienced immediate pain in his jaw. Dkt. No. 1-1 at 1.  White then stood up and asked Drake why he would intentionally kick the cell door when he knew that White was lying next to it.  Dkt. No.

1-1 at 2. Drake responded that he did so because he was aware that White was making a record of the incident and "could do it." Id.

That same day, White filed a grievance complaining that he had been (1) treated unfairly because he was black; (2) denied notification; (3) misled concerning the details of his visitor; and (4) subjected to excessive force. Dkt. No. 1-1 at 2-4. White's grievance was denied and he appealed administratively.[2] Compl. ¶ 4(b). However, White never received a final determination from DOCCS after his last appeal. Id. ¶ 4(b)(I). White "wr[ote] to the Commissioner concerning the delay . . . no one ha[d] responded thus far [and White felt that he was] be[ing] denied any responses." Id. ¶ 4(b)(ii). On August 9, 2010, White filed the present action. Compl. at ¶ 8. On October 7 and November 3, 12, and 20, 2010, White wrote to the undersigned to apprise the court that he had still not received a final determination of his grievance. Dkt. Nos. 10, 11, 13, 22.[3]

## II. Discussion

White contends that his constitutional rights were violated when Drake harassed and

---

[2] "The IGP [Inmate Grievance Program] is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] ... within four working days of receipt of the superintendent's written response." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir.2004) (internal citations omitted).

[3] On December 1, 2010, Drake filed a supplemental memorandum of law in this action seeking dismissal of White's claim for White's failure to exhaust his administrative remedies. Dkt. No. 21. On July 25, 2011, the present action was stayed to allow DOCCS or CORC to file a decision regarding White's pending administrative appeal. Dkt. No. 39. On August 1, 2011, Drake responded, providing the Court with a copy of CORC's denial of White's grievance, dated November 24, 2010. Dkt. No. 40.

3

subjected him to excessive force. Drake moves for dismissal because (1) White has failed to exhaust his administrative remedies, (2) there are no merits to White's constitutional claim, and (3) Drake is entitled to qualified immunity.[4]

### A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, this "tenet . . . is inapplicable to legal conclusions[; thus, t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (holding that "entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . [as] courts are not bound to accept as true a legal conclusion couched as a factual allegation.")).

Accordingly, to defeat a motion to dismiss, a claim must include "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556 (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal

---

[4] It is unnecessary to address the second and third grounds of Drake's motion in light of White's acknowledged failure to exhaust administrative remedies and those grounds will not be further addressed herein.

4

[conduct].")); see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that, "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (citations omitted).  Determining whether plausibility exists is "a content specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950-51.

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006); see also Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191-92 (2d Cir.2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally.' " (citations omitted)).

### B. Failure to Exhaust

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 548 U.S. 81, 83 (2006).  This exhaustion requirement applies to all prison condition claims.  Porter, 534 U.S. at 532.  "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate.  Nussle, 534 U.S. at 524.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)).

> A plaintiff's failure to exhaust administrative remedies may be excused if: (1) administrative remedies were not actually available; (2) defendants have forfeited their affirmative defense of non-exhaustion or are estopped from raising such a defense because of their own actions; or (3) special circumstances exist, such as a reasonable misinterpretation of [DOCCS] regulations.

Torres v. Carry, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009) (citations omitted).

Exhaustion for an inmate in DOCCS custody is generally achieved through the IGP). See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.1, et seq.; see also n.2 supra. Included within the IGP's exhaustion requirement is the prerequisite that the inmate file an appeal with CORC and receive a response from CORC prior to filing a federal lawsuit. Torres, 672 F. Supp. 2d at 344; see also N.Y. Comp. Codes R. & Regs. tit. 7 § 701.5(d)(2)(ii) ("The CORC shall review each appeal, render a decision on the grievance, and transmit its decision . . . within 30 calendar days").

In this case, the CORC did not render its decision on the final stage of White's appeal until after White had commenced this action. Thus, exhaustion was completed during the pendency, not prior to the commencement of, this action. The facts are clear that White complied with the IGP and filed a final appeal to CORC. The facts also demonstrate that, after White commenced the present action, the final determination was rendered by CORC, thus terminating the administrative process. There are no allegations that White did not know how the grievance process worked or that it was unavailable to him. Accordingly, the question presented by this motion is whether White satisfied the exhaustion requirement in

these circumstances.

"The Courts of Appeals for the First, Second, Third, Seventh, Tenth, Eleventh, and D[istrict of] C[olumia] . . . have held that § 1997(e) requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of litigation."  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002);see also Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed therefore is insufficient.") *abrogated in part on other grounds by* Porter, 534 U.S. 516.  This is because the statutory "language clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement [and e]xhaustion subsequent to the filing of the suit will not suffice."  Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (citations omitted); see also 42 U.S.C. § 1997(e) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999) (explaining that "Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to suit.").

Where the administrative process has been started, but has yet to conclude, courts have dismissed federal claims without prejudice and granting leave to reopen when the administrative process has ceased and the result is a denial of the inmate's grievance.  Torres, 672 F. Supp. 2d at 345-46; see also Neal, 267 F.3d at 123 (explaining that inmates' claims which are "dismissed without prejudice, . . . may simply [be] re-file[d] . . . after fully complying with the exhaustion requirement."); Chalif v. Spitzer, No. 05-CV-1355, 2008 WL 1848650, at *13 ("The fact that a grievance is filed, or the process is completed, subsequent

to commencement of suit will not salvage an otherwise premature filing.") (citations omitted).  Therefore, it is clear that the case law requires White's complaint to be dismissed without prejudice to filing a new action for a failure to fully exhaust his administrative remedies prior to filing the instant complaint.

Thus, White will be required to re-commence this action and re-serve Drake even though the exhaustion requirement has now been satisfied and where the delay in completing the administrative process was apparently caused solely by DOCCS delay at the final appeal stage.   This inefficiency imposes additional burdens and costs not only on White and Drake but also on the Court.  This factor has already been contemplated, and rejected, by various courts, including the Second Circuit.

> While it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court, it seems apparent that Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit . . . [Therefore r]equiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further these Congressional objectives; permitting exhaustion pendente lite will inevitably undermine attainment of them.

McKinney, 311 F.3d at 1200-1201; Neal, 267 F.3d at 123 (acknowledging that in an individual case, requiring dismissal for failure to exhaust may be judicially inefficient but ultimately concluding that exhaustion must be mandatory because a policy of generally "allowing prisoner suits to proceed, so long as the inmate eventually fulfils the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court.").  Thus, arguments of judicial inefficiency or additional expense do not serve as compelling reasons for denying defendant's present motion.

Accordingly, Drake's motion to dismiss for failure to exhaust should be granted.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Drake's motion to dismiss (Dkt. No. 12) be **GRANTED** and the complaint **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 11, 2011
       Albany, New York

_David R. Homer_
United States Magistrate Judge