UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN H. WHITE,

                    Plaintiff,

                                                  9:10-CV-1034

v.                                                (GTS/DRH)

RAYMOND DRAKE, Correctional Officer,
Upstate Correctional Facility,

                    Defendant.

_____

APPEARANCES:

JOHN H. WHITE, 08-A-3366
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN            KRISTA A. ROCK, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* prisoner civil rights action filed by John H.

White ("Plaintiff") against Upstate Correctional Facility Correctional Officer Raymond Drake

("Defendant") pursuant to 42 U.S.C. § 1983, are the following: (1) Defendant's  motion to

dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted

pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 12); (2) United States Magistrate Judge David R.

Homer's Report-Recommendation recommending that Defendant's motion be granted and that

Plaintiff's Complaint be dismissed without prejudice (Dkt. No. 44); and (3) Plaintiff's cross-motion to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2) (Dkt. No. 45).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted; Plaintiff's Complaint is dismissed without prejudice; and Plaintiff's cross-motion to amend his Complaint is denied.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Complaint

Plaintiff commenced this action on August 9, 2010.  (Dkt. No. 1.)  Generally, liberally construed, Plaintiff's Complaint alleges that, on June 27, 2010, Defendant wrongfully prevented him from seeing a visitor, and assaulted him during a disagreement regarding the visitor.  (*Id.*)

More specifically, Plaintiff alleges as follows.  After being notified that he had a visitor on June 27, 2010, and waiting more than 30 minutes for an escort, Plaintiff addressed his concerns with Defendant regarding his "visit being delayed."  (*Id.*)  Defendant shouted at Plaintiff that his visit would not be taking place because his visitor had been apprehended by the Franklin County Police for drug smuggling–a fact that was false.  (*Id.*)  When Plaintiff complained of "official misconduct," by "speaking in the open area under [his cell] door," Defendant "kicked the door" of Plaintiff's cell "several times," "causing injury to [Plaintiff's] mouth, nose & right jaw," more specifically, causing his "nose . . . to bleed on the floor," and him to experience "pain in the right side of [his] jaw."  (*Id.*)  Aware that the events were being recorded "on VHS/Video," Plaintiff asked Defendant why he had kicked the door; and Defendant offered a response that indicated a retaliatory and/or malicious intent.  (*Id.*)  Finally, after Plaintiff submitted a grievance to a "Grievance Unit Investigator" regarding Defendant's conduct, Defendant "willfully, knowingly,

and intelligently submitted a written statement denying the allegations," which "denied Plaintiff his right to an [sic] fair and impartial investigation . . . ."  (*Id.*)

Construed with the utmost of special liberality, Plaintiff's Complaint attempts to assert the following five claims based on the above-described factual allegations: (1) a claim that Defendant subjected him to verbal harassment followed by a subsequent physical assault, rendering the verbal harassment actionable under the Eighth Amendment; (2) a claim that Defendant intentionally made false statements to Plaintiff regarding his visitor, in violation of the Eighth and/or Fourteenth Amendment; (3) a claim that Defendant wrongfully interfered with Plaintiff's right to visitation from and communication with the "outside world," in violation of the First, Eighth and/or Fourteenth Amendments; (4) a claim that Defendant wrongfully interfered with Plaintiff's right to the grievance process by intentionally making false statements to the Grievance Unit Investigator, in violation of the First and/or Fourteenth Amendments; and (5) a claim that Defendant subjected him to excessive force, in violation of the Eighth Amendment.  (*See generally id.*; *see also* Dkt. No. 17 [Plf.'s Response to Def.'s Motion to Dismiss].)[1]

Familiarity with the remaining factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.

---

[1]      The Court notes that, while Plaintiff used the word "discrimination" at one point in his Complaint, the Court does not liberally construe his Complaint as attempting to assert an equal protection claim under the Fourteenth Amendment, given (1) the lack of factual allegations in his Complaint plausibly suggesting that he is a member of a protected class, and/or how he was discriminated against, and (2) the fact that he does not articulate such a claim in his response to Defendant's motion to dismiss.

**B.     Defendant's Motion to Dismiss**

On November 15, 2010, Defendant filed a motion to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 12.)  Generally, in his motion, Defendant asserts the following eight arguments: (1) to the extent that Defendant is sued in his official capacity, he is protected from liability as a matter of law by the Eleventh Amendment; (2) Plaintiff's claim of verbal harassment (under the Eighth and/or Fourteenth Amendments) should be dismissed, because Plaintiff has no constitutional right to be free from verbal harassment; (3) Plaintiff's claim that Defendant intentionally made false statements to Plaintiff regarding his visitor (in violation of the Eighth and/or Fourteenth Amendments) should be dismissed, because Plaintiff has no constitutional right to be free from false statements; (4) Plaintiff's claim that Defendant wrongfully interfered with Plaintiff's right to visitation (in violation of the First, Eighth and/or Fourteenth Amendments) should be dismissed, because Plaintiff has no constitutional right to visitation; (5) Plaintiff's claim that Defendant wrongfully interfered with Plaintiff's right to the grievance process (in violation of the First and/or Fourteenth Amendments) should be dismissed, because Plaintiff has no constitutional right to the grievance process; (6) Plaintiff's claim that Defendant subjected him to excessive force (in violation of the Eighth Amendment) should be dismissed, because Plaintiff has failed to allege facts plausibly suggesting that the use of force against him was "objectively, sufficiently serious"; (7) in the alternative, all of Plaintiff's claims should be dismissed, because Defendant is protected from liability as a matter of law by the doctrine of qualified immunity; and (8) Defendant is entitled to a protective order, pursuant Fed. R. Civ. P. 26(c), staying discovery in this action, pending the Court's determination of Defendant's motion.  (Dkt. No.12, Attach. 1.)

4

On November 24, 2010, Plaintiff filed a response to Defendant's motion.  (Dkt. No. 17.)
Generally, in his response, Plaintiff asserts the following eight arguments: (1) he is not suing
Defendant in his official capacity but his individual capacity; (2) he was subjected to both verbal
harassment and physical assault, which, when combined, may constitute cruel and unusual
punishment under the Eighth Amendment; (3) Defendant's false statements are actionable
because they were intended to annoy and harass Plaintiff in violation of 7 NYCRR 701.2(e) (and
because they were accompanied by a physical assault); (4) Defendant's challenge to Plaintiff's
interference-with-visitation claim is "unnecessary," because Plaintiff asserts no such claim; (5)
Plaintiff does have a constitutional right to the grievance process, under the First and/or
Fourteenth Amendments, and Defendant violated that right by giving false statements during that
process; (6) Plaintiff has alleged facts plausibly suggesting that the use of force against him was
"objectively, sufficiently serious," by alleging facts plausibly suggesting that [a] Defendant's use
of force was malicious and/or sadistic, with the purpose of causing harm, [b] Defendant's use of
force caused Plaintiff wanton pain, and [c] Defendant's use of force violated N.Y. Correction Law
§ 137(5); (7) Defendant is not entitled to qualified immunity, because Plaintiff has alleged facts
plausibly suggesting that Defendant was aware of the regulations and law; and (8) while
Defendant is entitled to a protective order barring discovery, the Court should direct Defendant to
provide any copies of audio/video tapes relating to the alleged incident(s) giving rise to this
action.  (*Id*.)

On December 1, 2010, Defendant filed (with leave of the Court) a supplemental
memorandum of law in support of its motion to dismiss.  (Dkt. No. 21.)  Generally, in that
supplemental memorandum of law, Defendant argues that, because Plaintiff has conceded (in

Paragraph 4 of his Complaint as well as in Dkt. Nos. 10 and 11) that he failed to exhaust his administrative remedies before filing this action, this action should be dismissed. (*Id.*)

On December 3, 2010, Plaintiff filed (with leave of the Court) a response to Defendant's supplemental memorandum of law. (Dkt. No. 25.) Generally, liberally construed, Plaintiff's response asserts the following three arguments: (1) he should not be required to exhaust his administrative remedies because those remedies (through actions of various administrative officials) have been rendered unavailable to him; (2) if the Court would allow, he would file an Amended Complaint asserting claims arising from the actions of various administrative officials in rendering his administrative remedies unavailable to him; and (3) even if the Court were inclined to dismiss this action due to his failure to exhaust his administrative remedies, it should do so only without prejudice. (*Id.*)

On January 14, 2011, Defendant filed (with leave of the Court) a reply to Plaintiff's response. (Dkt. No. 29.) Generally, in that reply, Defendant repeats his argument that this action should be dismissed based on Plaintiff's failure to exhaust his administrative remedies. (*Id.*) In addition, Defendant asserts arguments not relevant to the exhaustion issue but relevant to the arguments raised in the parties' prior exchange of briefs. (*Id.*)[2]

On January 24, 2011, without prior leave of the Court, Plaintiff filed a sur-reply to Defendant's reply. (Dkt. No. 30.) Generally, in that unauthorized sur-reply, Plaintiff argues that he "stands by" his prior submissions to the Court. (*Id.*)

---

[2] The Court notes that it did not, through its Text Order of November 22, 2010, grant Defendant leave to file a reply further briefing such issues.

On July 25, 2011, the Court issued an Order staying further proceedings in this case until September 1, 2011, "to allow DOCS and CORC to render the final disposition to White's appeal in the present case."  (Dkt. No. 39, at 3.)

On August 1, 2011, Defendant filed a letter advising the Court that CORC rendered a final disposition to Plaintiff's appeal on November 24, 2010.  (Dkt. No. 40.)

On August 8, 2011, Plaintiff filed a response to Defendant's letter.  (Dkt. No. 42.) Generally, liberally construed, that response argues as follows: (1) his original Complaint in this action should be dismissed without prejudice, with leave "to renew or amend within 45 days"; and (2) when that original Complaint is dismissed, an Order should be issued that [a] grants Plaintiff 45 days in which to file an Amended Complaint, which, *inter alia*, will assert claims arising from correctional officials' alleged intentional destruction of the audio/video tape recording of the incident giving rise to his original complaint, and [b] lifts the stay currently imposed on discovery, so that Plaintiff can obtain documents relevant to the investigation of his grievance.  (Dkt. No. 42.)

On August 10, 2011, Defendant filed a letter advising the Court that, while Defendant does not oppose Plaintiff's request to dismiss the action without prejudice, Defendant "would oppose a motion to amend the complaint as futile, based, *inter alia*, upon plaintiff's failure to exhaust administrative remedies prior to commencing suit."  (Dkt. No. 43.)

### C.    Magistrate Judge Homer's Report-Recommendation

On August 11, 2011, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendant's motion be granted, and that Plaintiff's Complaint be dismissed without prejudice.  (Dkt. No. 44.)  Generally, Magistrate Judge Homer based his Report-

Recommendation not on the eight arguments asserted by Defendant in his original memorandum of law (Dkt. No. 12), but on the fact that, according to Plaintiff's own factual allegations, he had not exhausted his available administrative remedies before filing this action (on August 9, 2010). (Dkt. No. 44.)  Moreover, it is worth noting that Magistrate Judge Homer specifically recommended not that Plaintiff's Complaint be *conditionally* dismissed (i.e., if he does not file of an Amended Complaint curing the deficiencies in his exhaustion allegations), but that the Complaint be dismissed without prejudice, the action be closed, and Plaintiff be required to file a new action.  (*Id.*)  Familiarity with the particular grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties.

Plaintiff failed to file an Objection to Magistrate Judge Homer's Report-Recommendation, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)  However, on August 15, 2011, Plaintiff filed a motion to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

### D.      Plaintiff's Cross-Motion to Amend

Generally, in support of his cross-motion to amend his Complaint, Plaintiff attaches an affidavit in which he asserts as follows: (1) he wishes to add as Defendants to this action New York State Department of Correctional Services Commissioner Brian Fischer, New York State Department of Correctional Services Grievance Director Karen Bellamy, Upstate Correctional Facility Superintendent David Rock, and Upstate Correctional Facility Correctional Lieutenant Lumbard; (2) his claims against those four new Defendants are timely because they relate back to the date of his original Complaint pursuant to Fed. R. Civ. P. 15(c); and (3) "the grievance

8

involving this claim . . . is not attached but is a part of the record [and] is an essential factor of the Amended Complaint."  (Dkt. No. 45.)  In addition, he attaches a signed copy of his proposed Amended Complaint.  (Dkt. No. 45 & Attach. 1.)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).[3]  When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4]

---

[3]       On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[4]       *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

> **B.     Legal Standard Governing a Motion to Dismiss for Failure to State a Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by

10

requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in

11

detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[5] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[6] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[7]

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the

---

[5]      *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[6]      *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[7]      It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak*, 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

four corners of the complaint may be considered without triggering the standard governing a

motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

(2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint (and are

provided by the parties), or (4) any matter of which the court can take judicial notice for the

factual background of the case.[8]  Moreover, in the Second Circuit, a *pro se* plaintiff's papers in

response to a defendant's motion to dismiss for failure to state a claim may be considered as

effectively amending the allegations of his complaint–to the extent those papers are consistent

with the allegations in the complaint.[9]

---

[8]      *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit
to a pleading is a part thereof for all purposes."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147,
152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as
an exhibit or any statements or documents incorporated in it by reference.") (internal quotation
marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72
(2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or
incorporate by reference a [document] upon which it solely relies and which is integral to the
complaint," the court may nevertheless take the document into consideration in deciding [a]
defendant's motion to dismiss, without converting the proceeding to one for summary
judgment.") (internal quotation marks and citation omitted); *L-7 Designs, Inc. v. Old Navy, LLC*,
No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a
motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary
under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents
attached to the complaint or answer, [2] documents incorporated by reference in the complaint
(and provided by the parties), [3] documents that, although not incorporated by reference, are
"integral" to the complaint, or [4] any matter of which the court can take judicial notice for the
factual background of the case).

[9]      *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per
curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of
law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d
Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts
that Mooney's actions amounted to deliberate and willful indifference.  Liberally construed under
*pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of
due care for the prisoner's interests or safety, . . .  and therefore state a colorable claim under the
Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted);
*Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a*

14

C.      **Legal Standard Governing a Motion to Amend a Complaint**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should

freely give leave [to] amend when justice so requires."  Fed. R. Civ. Proc. 15(a)(2); *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3rd 1127, 1133 (2d Cir. 1993).

Elaborating on this standard, the Supreme Court has explained:

> In the absence of any apparent or declared reason– such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure
> to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc.– the leave sought should . . . be
> 'freely given.'

*Foman*, 371 U.S. at 182, *accord*, *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)

("[Leave to amend] should not be denied unless there is evidence of undue delay, bad faith, undue

prejudice to the non-movant, or futility.").

For example, with regard to the "undue delay" factor, the Second Circuit has held that

"despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying

leave to amend the pleadings after the deadline set in the scheduling order where the moving

party has failed to establish good cause."  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340

(2d Cir. 2000).

In addition, with regard to the "undue prejudice" factor, while as a general rule permission

to amend a complaint should be freely given, "'the trial court [is] required to take into account

any prejudice' that might result to the party opposing the amendment."  *Ansam Assocs., Inc. v.*

*Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (leave to amend denied where new claim

---

*pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider
materials outside of the complaint to the extent they "are consistent with the allegations in the
complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160
(N.D.N.Y. 2004) (Hurd, J.).

concerned different period of time and different theory of recovery from original claim) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 [1971]).  For example, in *Ansam Associates*, the Second Circuit held that permitting Plaintiff to allege a "new set of operative facts" would have been "especially prejudicial [to the defendant] given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment."  *Ansam Associates*, 760 F.2d at 446.

Finally, with regard to the "futility" factor, a court measures futility under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Nettis v. Levitt*, 241 F.2d 186, 194 n.4 (2d Cir 2001); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

## III.    ANALYSIS

### A.    Defendant's Motion to Dismiss

As an initial matter, neither party has filed an Objection to Magistrate Judge Homer's Report-Recommendation.  As a result, the Court need review the Report-Recommendation for only clear error.  After carefully reviewing all of the papers in this action, including Magistrate Judge Homer's Report-Recommendation, the Court concludes that the Report-Recommendation is correct in all respects.  (Dkt. No. 44.)  Magistrate Judge Homer employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id.*)  As a result, the Court adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only three points.  First, Magistrate Judge Homer's thorough and correct Report-Recommendation would survive even *de novo* review.

Second, the Court bases its conclusion that Plaintiff's Complaint should be dismissed on the alternative ground that the claims asserted in that Complaint fail to state a claim upon which relief can be granted *for the reasons stated in the eight arguments asserted by Defendant in his*

*original memorandum of law.*  (Dkt. No. 12.)

Third, the Court bases its conclusion that Plaintiff should be required to file a new action rather than be permitted to simply file an Amended Complaint in this action on the following additional grounds: (1) Plaintiff will not be unfairly prejudiced by the Court's current Decision and Order, because the three-year limitations period governing his claims[10] (which appear to have arisen between June 27, 2010, and November 24, 2010)[11] does not yet appear to have expired, and because no reason exists to believe that Plaintiff's *in forma pauperis* status has changed since it was granted on September 8, 2010 (Dkt. No. 4);[12] and (2) if the Court were to simply accept for filing the proposed Amended Complaint that Plaintiff has submitted, the Court would actually be prejudicing Plaintiff because the pleading deficiencies in that Amended Complaint (described below in Part III.B. of this Decision and Order) would cause the Court to dismiss this entire action *with prejudice.*

For all of these reasons, Defendant's motion to dismiss is granted, and Plaintiff's Complaint is dismissed without prejudice.

_____

[10]    "The applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years."  *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995); *see also Connolly v. McCall*, 254 F.3d 36, 40-41 (2d Cir. 2001) ("[Plaintiff's] federal constitutional claims, brought pursuant to 42 U.S.C. § 1983, are governed by New York's three-year statute of limitations for personal injury actions . . . .").  A claim arising under Section 1983 accrues "when the plaintiff knows or has reason to know of the harm that he seeks to redress."  *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) [internal quotation marks omitted], *accord*, *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) [internal quotation marks omitted].

[11]    (*Compare* Dkt. No. 1, Attach. 1 [attaching grievance reflecting date of incident as June 27, 2010] *with* Dkt. No. 40 [attaching final decision on grievance, dated November 24, 2010].)

[12]    The Court notes that it appears that Plaintiff has acquired only one "strike" for purposes of 28 U.S.C. § 1915(g), as of the date of this decision.  *See White v. Brettschneider*, 10-CV-4957, Order (E.D.N.Y. filed Dec. 23, 2010).

B.    **Plaintiff's Cross-Motion to Amend**

As an initial matter, the Court denies Plaintiff's cross-motion to amend on three

procedural grounds.  First, Plaintiff's cross-motion is untimely in that it had to be filed with his

opposition to Defendant's motion.  N.D.N.Y. L.R. 7.1(c).[13]  Ignoring this rule in this

circumstance, and permitting Plaintiff to change the landscape of his claims after Magistrate

Judge Homer has reviewed them, would frustrate the purpose of the Magistrate Act.[14]

---

[13]      The Court notes that, during the time in question, a copy of the District's Local
Rules of Practice and *Pro Se* Handbook were on file at Plaintiff's correctional facility.  The
Court notes also that proceeding *pro se* does not excuse Plaintiff of his obligation to comply with
the procedural requirements set forth in the Federal Rules of Civil Procedure and the Local Rules
of Practice for this District.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("While we have
insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally
construed . . . we have never suggested that procedural rules in ordinary civil litigation should be
interpreted so as to excuse mistakes by those who proceed without counsel."); *Mohasco Corp. v.
Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to
the procedural requirements specified by the legislature is the best guarantee of evenhanded
administration of the law [even when that strict adherence inures to the detriment of a *pro se*
litigant].");  *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-
representation is not a license . . . not to comply with relevant rules of procedural and substantive
law.");  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]ro se status
does not exempt a party from compliance with relevant rules of procedural and substantive
law.") [citation omitted];  *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)
("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform
themselves regarding procedural rules and to comply with them . . . . This is especially true in
civil litigation.") [internal quotation marks and citations omitted];  *Edwards v. I.N.S.*, 69 F.3d 5, 8
(2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se*
litigants generally are required to inform themselves regarding procedural rules and to comply
with them .") [citations omitted];  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right
[to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se* ] party
from compliance with relevant rules of procedural and substantive law.") [internal quotation
marks and citations omitted];  *Krug v. Cnty. of Rennselaer*, 559 F. Supp.2d 223, 234 (N.D.N.Y.
2008) (McAvoy, J.) (noting that *pro se* plaintiffs "must follow the procedural formalities of
Local Rules");  *Carmona v. Wright*, 233 F.R.D. 270, 275 (N.D.N.Y. 2006) (Sharpe, J.) ("*Pro se*
litigants must comply with local rules, and the failure to do so is sanctionable.").

[14]      *See also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure
to raise this claim before the magistrate constitutes waiver.");  *Marshall v. Chater*, 75 F.3d 1421,
1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's
recommendations are deemed waived.") [citations omitted];  *Cupit v. Whitley*, 28 F.3d 532, 535

Second, Plaintiff's motion fails to "set forth specifically the proposed amendments and identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original pleading or other equivalent means." N.D.N.Y. L.R. 7.1(a)(3). Neither Defendant nor the Court should be required, at its own peril (i.e., if it happens to be mistaken), to compare Plaintiff's two pleadings on a line-by-line basis, in an attempt to discern Plaintiff's proposed amendments.

Third, in attempting to state a claim in his Amended Complaint, Plaintiff appears to rely heavily on the incorporation by reference of a document attached to only his original Complaint, in violation of Local Rule 7.1(a)(3). (Dkt. No. 45, at ¶ 5 [stating that "the grievance involving this claim . . . is not attached but is a part of the record [and] is an essential factor of the Amended Complaint"].) *See also* N.D.N.Y. L.R. 7.1(a)(3) ("A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference."). This proscription against piecemeal pleadings is not just a formality, but is supported by several practical justifications.

---

(5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted]; *cf. Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted].

In any event, even setting aside these three procedural violations, the Court would deny Plaintiff's cross-motion on five substantive grounds.  First, Plaintiff has failed to even attempt to show cause for his motion, for example, by attempting to persuade the Court that his delay in filing the motion was not "undue," and that the prejudice to Defendants caused by the granting of his motion would not be "undue."  (Dkt. No. 45.)

Second, Plaintiff's proposed claims against Defendant Drake in his Amended Complaint are more vague, and less factual, than are his claims against Defendant Drake in his original Complaint.[15]  More important, Plaintiff's proposed claims against Defendant Drake in his Amended Complaint suffer from most, if not all, of the pleading defects that plagued his claims against Defendant Drake in his original Complaint, which defects are accurately described by Defendants in their original memorandum of law.  (Dkt. No. 12.)  For example, Defendant's alleged false statements are not actionable, even if they were (1) intended to annoy and harass Plaintiff in violation of state law,[16] or (2) provided during the grievance process.[17]  In addition, Plaintiff has failed to state a claim for excessive force because he has failed to allege facts

---

[15]      (*Compare* Dkt. No. 1, at ¶¶ 6, 7 [focusing exclusively on conduct of Def. Drake] & Ex. 1 *with* Dkt. No. 45, Attach. 1, at ¶¶ 6, 7 [focusing mainly on conduct of five new proposed Defendants].)

[16]      *See Robinson v. New York State Dept. of Corr. Serv.*, 08-CV-0911, 2009 WL 3246818, at *16 (N.D.N.Y. Sept. 30, 2009) (McAvoy, J., adopting Report-Recommendation by DiBianco, M.J.) ("Even if defendants had violated New York law or the DOCS Employee Manual prohibiting verbal harassment, the violation of state law, absent a constitutional violation, is not actionable under section 1983.").

[17]      *See, e.g., Tafari v. McCarthy*, 714 F. Supp.2d 317, 349 (N.D.N.Y. 2010) (Hurd, J. adopting Report-Recommendation by Lowe, M.J.) (noting that, because inmates do not have a constitutional right to grievance programs, "courts have consistently held that violations of th[e grievance] procedures or the state's failure to enforce them does not give rise to a claim under"); *cf. Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) ("A prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report.").

plausibly suggesting that (1) the amount of force used against him was more than *de minimis*,[18]

and (2) Defendant Drake *intended* to injure him by kicking his cell door.[19]  To the contrary,

Plaintiff has alleged merely that Defendant Drake kicked his cell door, "injuring [his] nose [and]

right jaw."  Moreover, Plaintiff's allegation that Defendant Drake's conduct violated N.Y.

Correction Law § 137(5),[20] would not, even if plausible, elevate Defendant's conduct to a

constitutional level.[21]

　　　Third, to the extent Plaintiff has attempted to bring additional claims against these four

individuals (as opposed to simply alleging the "special circumstances" that excused his failure to

---

[18]　　　*See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.").

[19]　　　*See, e.g., Rivera v. Goord*, 119 F. Supp.2d 327, 341 (S.D.N.Y. 2000) (noting that the subjective prong of an excessive force claim requires the plaintiff to allege "that the prison guards acted wantonly, with the sadistic or malicious intent to harm him").

[20]　　　N.Y. Correction Law § 137(5) ("No inmate in the care or custody of the department shall be subjected to degrading treatment, and no officer or other employee of the department shall inflict any blows whatever upon any inmate, unless in self defense, or to suppress a revolt or insurrection. . . .").

[21]　　　*See Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir.1990) ("[A] violation of state law neither gives [plaintiff] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim."); *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985) ("[A] state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983 . . . .") [citation omitted]; *Murray v. Michael*, 03-CV-1434, 2005 WL 2204985, at *10 (N.D.N.Y. Sept. 7, 2005) (DiBianco, M.J.) ("[A]ny violations of state regulations governing the procedures for disciplinary hearings . . . do not rise to the level of constitutional violations.") [citation omitted]; *Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y.2002) ("[V]iolations of state law procedural requirements do not alone constitute a deprivation of due process since '[f]ederal constitutional standards rather than state law define the requirements of procedural due process.' ") [citing *Russell v. Coughlin*, 910 F.2d 75, 78 n. 1 (2d Cir. 1990)].

exhaust his claim against Defendant Drake),[22] at the very most, Plaintiff's proposed claims

against Brian Fischer, Karen Bellamy, David Rock, and Lieutenant Lumbard allege facts

plausibly suggesting not criminal recklessness but mere negligence, which is not actionable under

42 U.S.C. § 1983.[23]

Fourth, Plaintiff's proposed Amended Complaint, which is barely legible,[24] fails to allege

facts plausibly suggesting the personal involvement of supervisors Brian Fischer, Karen Bellamy,

and David Rock: Fisher and Rock are each the subject of merely conclusory allegations by

Plaintiff, and Bellamy appears to be the subject of no allegations by Plaintiff.  (Dkt. No. 45,

Attach. 1, ¶¶ 6, 7.)  Moreover, Plaintiff's proposed Amended Complaint appears to fail to allege

---

[22]     *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (finding that failure to exhaust administrative remedies may be excused where [1] administrative remedies were not in fact available, [2] prison officials have forfeited, or are estopped from raising, the affirmative defense of non-exhaustion, or [3] "special circumstances . . . justify the prisoner's failure to comply with administrative procedural requirements").

[23]     *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 827, 835 (1994) ("[S]ubjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for 'deliberate indifference' under the Eighth Amendment. . . .  [D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."); *Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution."); *Pena v. Deprisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' . . . [T]he Fourteenth Amendment is not a 'font of tort law.' . . .  It does not provide a comprehensive scheme for determining the propriety of official conduct or render all official misconduct actionable. . . .  '[N]egligently inflicted harm is categorically beneath the threshold of constitutional due process.'") [citations omitted]; *Riddick v. Modeny*, No. 07-1645, 2007 WL 2980186, at *2 (3d Cir. Oct. 9, 2007) ("The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials.").

[24]     *See* N.D.N.Y. L.R. 10(a),(b) (requiring, *inter alia*, that pleadings be "double-spaced" and "legibly written").

facts plausibly suggesting the personal involvement of Lieutenant Lumbard, whom he vaguely alleges committed "abusive acts . . . where allegations are of correctional officers['] official misconduct." (*Id.*)

Fifth, and finally, Plaintiff's proposed Amended Complaint appears to allege facts plausibly suggesting that he did not exhaust (or even attempt to exhaust) his administrative remedies with regard to his new claims–i.e., his claims against Brian Fischer, Karen Bellamy, David Rock, and Lieutenant Lumbard arising from their alleged failure to preserve evidence and/or their rendering the administrative grievance process unavailable to him (by failing to render timely and correct administrative decisions on his original grievance). (Dkt. No. 45, Attach. 1, ¶¶ 4, 6, 7.) Simply stated, to the extent Plaintiff has attempted to bring additional claims against these four individuals (as opposed to simply alleging the "special circumstances" that excused his failure to exhaust his claim against Defendant Drake), Plaintiff appears to have confused his exhaustion of his administrative remedies on his original grievance with his exhaustion of his administrative remedies with his new claims.

ACCORDINGLY, it is

ORDERED that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 44) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

ORDERED that Defendant's motion to dismiss (Dkt. No. 12) is **GRANTED** and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

ORDERED that Plaintiff's cross-motion to amend his Complaint (Dkt. No. 45) is **DENIED**.

Dated: September 26, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

23